**UNITED STATES of America**

v.

**Steven J. ZINE, Appellant.**

**No. 89–3147.**

United States Court of Appeals,
District of Columbia Circuit.

Argued April 11, 1990.

Decided June 29, 1990.

William J. Garber, Washington, D.C., for appellant.

Joseph D. Wilson, Atty., Dept. of Justice, Washington, D.C., for appellee. Laura Heiser, Atty., Dept. of Justice, Washington, D.C., also entered an appearance for appellee.

Before WALD, Chief Judge, and MIKVA and D.H. GINSBURG, Circuit Judges.

Opinion for the Court filed PER CURIAM.

PER CURIAM:

Steven J. Zine appeals his twenty-one month sentence for having conspired to distribute cocaine. He claims that the trial court erred by imposing a sentence within the applicable Federal Sentencing Guidelines range after stating that it intended to depart from that sentencing range. Zine further charges that the judge failed adequately to explain the basis for his sentence. The government, on the other hand, asserts that this appeal should not be heard because a sentence within the range set by the Guidelines is not reviewable.

We hold that while decisions *not to depart* from the sentence range prescribed by the Guidelines may be within the discretion of the trial judge, and therefore not subject to change by an appellate court, decisions apparently based upon a mistake of law or fact are reviewable under 18 U.S.C. § 3742(a)(2) (1988). The record in this case does not present such a case of mis-sentencing, and therefore the sentence is affirmed.

## I. BACKGROUND

Appellant Steven J. Zine was arrested moments after a drug sale in which a police officer purchased a large quantity of cocaine. Zine was found carrying a portion of the actual cash paid by the officer to another party. Subsequently, appellant entered into a plea agreement with the government, pleading guilty to one count of conspiracy to distribute cocaine.

At Zine's sentencing hearing, the government submitted a motion requesting a downward departure from the sentencing

range applicable to Zine. Zine's own attorney also called the departure motion to the sentencing judge's attention on more than one occasion. Counsel acknowledged explicitly that, notwithstanding the government's motion, Zine understood that the court was not obligated to grant the motion, i.e., "that the court has the power to depart from the guidelines upward or downward."

The sentencing judge exercised his discretion not to depart from the Guidelines, and sentenced Zine to the lowest permissible prison sentence under the Guidelines for a first offender with an offense level of sixteen: twenty-one months in jail, followed by three years of supervised release.

Amidst numerous other statements about the proper punishment to impose, the sentencing judge at one point stated that he would "depart downward." His choice of words led to this appeal.

## II. DISCUSSION

### A. *The Alleged Mistaken Failure to Depart*

■ Since 1986, criminal defendants convicted in federal court have been entitled to raise certain objections to sentences pursuant to 18 U.S.C. § 3742(a). Among sentences reviewable by the courts of appeals are those "imposed in violation of the law," and sentences resulting from "an incorrect application of the sentencing guidelines." *Id.* The government suggests that even if the sentencing judge did clearly express his intent to depart from the Sentencing Guidelines and then mistakenly failed to depart, the sentence imposed might not be reviewable because sentences within the Guidelines are not reviewable. We believe that such mistakes of fact or law would be reviewable under § 3742 but find no such error in this case.

In sentencing Steven Zine, the judge explained that

in cases far less egregious than this in terms of the amount of activity involved, the court has been required because of the government's position, has been required to impose substantially longer periods of incarceration.... [I]n this case, I am permitted to depart downward, and I will do so, but, it may be that there are people serving much longer periods of incarceration who have indeed not been involved in anywhere near the activity that you were involved in....

The court believes that a lenient sentence in this case requires incarceration.

Notwithstanding the judge's definitive statement that he would depart, upon reading the transcript as a whole, we conclude that the judge understood that a twenty-one month prison sentence was not a departure from the Guidelines.

During the sentencing hearing, the government repeatedly referred to its motion to depart from the Guidelines. Additionally, counsel for the defense mentioned the judge's authority to depart more than once during the sentencing proceeding. It would be unrealistic, under these circumstances, to suggest that the judge did not realize that he could depart if he wanted to or that he misunderstood what it meant to depart.

Additionally, the judge clearly considered the possibility of not incarcerating Zine, but rejected that option. He explained, "There were quite a few people out there to whom you distributed cocaine," and admonished Zine that even given the sentence imposed, he was receiving a far lesser punishment than others guilty of similar conduct. ("[T]he court believes you have received a very substantial reduction of the charges in your plea," he said.)

Zine did not receive a sentence inconsistent with any of the trial judge's rulings or findings. The judge's many references to other, "less egregious" cases in which harsher punishments were required suggest that it was the practice of imposing harsh penalties for serious drug distribution crimes that he was departing from, not the Sentencing Guidelines.

### B. *Adequacy of Reasons for the Sentence*

■ Contrary to the contentions of the appellant, we do not believe that a more detailed explanation for the sentence imposed was necessary to understand the judge's reasoning or to comply with the requirements of 18 U.S.C. § 3553(c) (1988).

In this case, § 3553(c) requires only a statement of "reasons for [the court's] imposition of the particular sentence," and not, as the appellant argues, "the reasons for imposing a sentence at a particular point within the range." The latter requirement applies only to cases where the range of possible sentences spans more than twenty-four months. In this case, the range of possible sentences for an offense level of sixteen spanned six months, i.e., twenty-one to twenty-seven months.

Zine argues that the particularity requirement of § 3553(c)(1) comes into play

where the sentencing range allows sentences of over twenty-four months, not just where the range of possible sentences varies by more than twenty-four months. This interpretation of § 3553(c)(1) has been rejected by at least two circuits. *See United States v. Howard,* 894 F.2d 1085, 1091–92 (9th Cir.1990); *United States v. Duque,* 883 F.2d 43, 44–45 (6th Cir.1989). Moreover, when § 3553 refers to a "range exceed[ing] 24 months," it does so by reference to 28 U.S.C. § 994, which refers in part to the "maximum of the range," which is not to "exceed the minimum of that range" by more than a specified amount. The "range" must therefore be the difference between the possible sentences, not the absolute length of the possible sentences.

### III. CONCLUSION

Although judicial error in applying the Sentencing Guidelines is certainly a proper basis for appellate review, a close reading of the transcript of Zine's sentencing hearing exposes no such error. We therefore affirm the sentence of the trial court.

*So ordered.*