976 F.2d 1445
 298 U.S.App.D.C. 141
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Anthony EGBO, Appellant.
 No. 91-3092.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 16, 1992.
 
 Before BUCKLEY, STEPHEN F. WILLIAMS and D.H. GINSBURG, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record on appeal from the United States District Court for the District of Columbia and on the briefs and oral arguments of counsel. After full review of the case, the court is satisfied that appropriate disposition of the appeal does not warrant an opinion. See D.C.Cir.R. 14(c).
 
 
 2
 Anthony Egbo pleaded guilty in 1990 to one count of conspiracy to import over a kilogram of heroin into the United States. On April 4, 1991, the district court imposed a sentence that included a $20,000 fine. Egbo appeals this fine on the ground that the district judge failed to consider his ability to pay, as is required by both the Federal Sentencing Guidelines, U.S.S.G. § 5E1.2(d)(2) (1991), and 18 U.S.C. § 3572(a)(1), (2) (1988). Egbo also contends that the district judge did not provide proper notice that he intended to impose a fine.
 
 
 3
 A sentencing judge is not required to make explicit findings concerning a defendant's ability to pay, and a fine will not be reversed "when the record demonstrates that the judge considered that factor before imposing the fine." United States v. Mastropierro, 931 F.2d 905, 906 (D.C.Cir.1991). In this case, the Memorandum on Remand confirms that the district judge considered Egbo's ability to pay. Egbo's claim that he did not receive adequate notice is also without merit. Because the defendant bears the burden of demonstrating an inability to pay, see U.S.S.G. § 5E1.2(a), (f), the presentence report's recommendation on the matter provided all the notice that is required. See United States v. McLean, 951 F.2d 1300, 1302-03 (D.C.Cir.1991), cert. denied, 112 S.Ct. 1775 (1992). On consideration of the foregoing, it is
 
 
 4
 ORDERED AND ADJUDGED by the court that the sentence imposed on Egbo by the district court be affirmed.
 
 
 5
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15. This instruction to the Clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.