UNITED STATES of America, Appellee,

v.

Romulus DOZIER, Appellant.

No. 97–3060.

United States Court of Appeals, District of Columbia Circuit.

Argued April 22, 1998.

Decided Dec. 11, 1998.

Jason A. Levine argued the cause for appellant. With him on the briefs was Bruce A. Baird.

Danny Onorato, Assistant U.S. Attorney, argued the cause for appellee. With him on the briefs were Mary Lou Leary, U.S. Attorney at the time the brief was filed, John R. Fisher, Elizabeth Trosman, M. Evan Corcoran and Timothy J. Heaphy, Assistant U.S. Attorneys.

Before: EDWARDS, Chief Judge, SENTELLE and GARLAND, Circuit Judges.

GARLAND, Circuit Judge:

A jury convicted Romulus Dozier of two weapons charges and acquitted him of three drug-related charges. Dozier challenges his sentence under the United States Sentencing Guidelines, arguing that the district court erred by: (1) increasing his offense level for obstruction of justice, and (2) failing to explain why it denied a decrease for acceptance of responsibility. For the reasons stated below, we affirm the sentence.

**I**

Based on information provided by an informant, investigators from an anti-drug-trafficking task force stopped Dozier and a passenger, Carl Shipp, while they were driving in the District of Columbia. The agents found a semi-automatic pistol loaded with fifteen rounds of ammunition hidden near the car's steering wheel, as well as a bag containing $4,037 in cash. Although the agents did not find drugs either on Dozier's person or in the car, they did find 33.9 grams of cocaine base in Shipp's pockets.

On November 14, 1996, a grand jury issued a five-count indictment against Dozier, charging him with: (1) conspiracy to distribute, and to possess with intent to distribute, five grams or more of cocaine base, in violation of 21 U.S.C. § 846; (2) unlawful possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C.

§§ 841(a)(1), (b)(1)(B)(iii); (3) using and carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1); (4) unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); and (5) unlawful possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). After the district court denied Dozier's motions to suppress evidence, Dozier twice offered to plead guilty to counts four and five (the "weapons charges"), in exchange for the dismissal of counts one through three (the "drug charges"). The government rejected the plea offers and Dozier proceeded to trial in February 1997.

At trial, Shipp testified that both the pistol and the drugs belonged to Dozier. He said that when Dozier noticed the police were following the car, Dozier handed Shipp two bags of crack cocaine, saying: "Hold on to this because you cannot get searched because you're the passenger of the car." Shipp further testified that after their arrest, while both he and Dozier were detained together in a cellblock, Dozier offered to give him money or drugs to say the gun was his rather than Dozier's: "He said that . . . if I said the gun was mine, that he would give me $5,000 or give me an eighth of a key"—which, Shipp explained, referred to an eighth of a kilogram of crack cocaine. Another witness testified that he had sold the gun in question to Dozier. The jury convicted defendant on the weapons charges but acquitted him on the drug charges.

Following the trial, the United States Probation Office prepared a Presentence Investigation Report ("PSR") that calculated defendant's sentencing range pursuant to the U.S. SENTENCING COMMISSION GUIDELINES MANUAL (Nov.1995). The PSR determined that Dozier's base offense level was 20, and that his prior convictions for gun and drug offenses generated a criminal history category of V. This yielded a sentencing range of 63–78 months of imprisonment. The PSR recommended against a two-level decrease in the offense level (a "downward adjustment") for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1. The PSR stated:

The defendant pleaded not guilty and exercised his right to a jury trial. The defendant, through [h]is attorney, said "the facts of the offense support the convictions." Counsel noted that the defendant offered to plead guilty to the firearm violations after the Suppression Motions were denied, but the government rejected his offer.

The defendant explained that he bought the gun from a friend "a few years ago." He added that he had forgotten that he even had the gun, though he admitted that he hid it because he knew possessing the gun was illegal. Dozier said he only used the gun at a Forestville, Maryland firing range.

The PSR also recommended against a two-level increase in the offense level (an "upward adjustment") for obstructing or attempting to obstruct justice pursuant to U.S.S.G. § 3C1.1, stating that the Probation Office had "no information at this time" to suggest the defendant attempted to obstruct justice. An addendum to the PSR noted that "the government advised us that it will provide additional information in its sentencing memorandum" on the issue of obstruction, and that if the court then concluded an adjustment were warranted, the total offense level would increase to 22. The result, the addendum calculated, would be a sentencing range of 77–96 months. Dozier filed a sentencing memorandum opposing an offense-level increase for obstruction of justice, and arguing in favor of a decrease for acceptance of responsibility based on his attempts to negotiate a plea to the weapons charges. The government filed a memorandum arguing in favor of an increase for obstruction of justice, based on Shipp's testimony that Dozier tried to bribe him to claim ownership of the gun. It also opposed Dozier's requested decrease for acceptance of responsibility.

At the sentencing hearing on May 13, 1997, Dozier's counsel again opposed an increase for obstruction of justice, arguing that Dozier's acquittal on the drug charges showed that the jury did not find Shipp's testimony credible. The district court, however, made the following finding: "I think the government is right on that point. . . . [Dozier]

offered to pay Shipp several thousand dollars to tell the police that the gun belonged to Shipp. If that is not obstruction of justice, I don't know what is." In response to defense counsel's argument concerning Shipp's credibility, the court said: "I understand you are saying ... the jury didn't believe Shipp on that issue, but there is sufficient evidence here that that is what happened."

Defense counsel also repeated his argument in favor of a decrease for acceptance of responsibility. Although the court did not respond directly, it concluded that with a two-level increase for obstruction of justice, the resulting sentencing range was 77–96 months. Both parties agree this indicated that the court was denying Dozier's request for a decrease. The court did not explain its reasons for denying the request, and neither party objected to the lack of an explanation—notwithstanding the court's closing query as to whether either counsel had "anything else" prior to concluding the proceeding. The court sentenced Dozier to 84 months in prison.

## II

U.S. Sentencing Guideline § 3C1.1 requires a two-level increase in a defendant's offense level if he willfully obstructed or attempted to obstruct justice during the investigation or prosecution of the offense for which he was convicted. The commentary to the Guideline provides examples of the type of conduct to which it applies, including "unlawfully influencing a codefendant [or] witness" and "suborning, or attempting to suborn perjury." U.S.S.G. § 3C1.1, comment. (n.3(a), (b)). Dozier challenges the district court's imposition of the increase on three grounds. First, he contends that a finding of obstruction of justice must be supported by "clear and convincing evidence," not merely by a preponderance of the evidence. Second, he asserts that the district court erred in not making specific factual findings indicating why he found Shipp's testimony credible. Finally, Dozier suggests that the evidence was insufficient to support the factual finding of obstruction. Because the jury acquitted him on the drug charges, Dozier contends it must have found Shipp's testimony on that

issue noncredible, and that therefore the court should not have based an increase on Shipp's testimony that Dozier tried to bribe him to lie about the gun.

■ We review Dozier's challenges to his sentence according to the "trichotomy" established by Congress in 18 U.S.C. § 3742(e). "[P]urely legal questions are reviewed de novo; factual findings are to be affirmed unless 'clearly erroneous'; and we are to give 'due deference' to the district court's application of the guidelines to facts." *United States v. Kim,* 23 F.3d 513, 517 (D.C.Cir. 1994). Dozier's contentions that obstruction must be established by clear and convincing evidence, and that increases for obstruction must be accompanied by specific findings, are purely legal questions; we therefore review them de novo. We review the court's factual finding that Dozier attempted to obstruct justice under the clearly erroneous standard. There is no dispute about the application of the Guidelines to the facts in this case; Dozier does not disagree that an attempt to buy false testimony would constitute obstruction of justice.

■ We begin with Dozier's contention that obstruction must be established by clear and convincing evidence. As defendant concedes, the government's usual burden is to prove facts in support of an upward adjustment by a preponderance of the evidence. *See United States v. Washington,* 115 F.3d 1008, 1010 (D.C.Cir.1997); *United States v. Burke,* 888 F.2d 862, 869 (D.C.Cir.1989). Relying on our decision in *United States v. Montague,* 40 F.3d 1251 (D.C.Cir.1994), however, Dozier contends that adjustments based on obstruction of justice are subject to the higher standard of proof by clear and convincing evidence.

But *Montague* did not require clear and convincing evidence for all adjustments based on obstruction of justice. In *Montague,* we held only "that the clear-and-convincing standard is the appropriate standard by which to evaluate *defendant testimony* for section 3C1.1 perjury enhancements." 40 F.3d at 1254 (emphasis added); *see also United States v. Gaviria,* 116 F.3d 1498, 1518 (D.C.Cir.1997). *Montague* was based on our

reading of then-effective commentary to § 3C1.1, which stated:

> This provision is not intended to punish a defendant for the exercise of a constitutional right. A defendant's denial of guilt (other than a denial of guilt under oath that constitutes perjury) ... is not a basis for application of this provision. In applying this provision *in respect to alleged false testimony or statements by the defendant, such testimony or statements should be evaluated in a light most favorable to the defendant.*

40 F.3d at 1253 (quoting U.S.S.G. § 3C1.1, comment. (n.1) (1994)) (emphasis added). *Montague* read the commentary's admonition, that "such testimony or statements should be evaluated in a light most favorable to the defendant," as requiring a standard higher than the usual preponderance standard. *Id.*[1] We noted that this requirement may have reflected the Commission's concern that "in the absence of a heightened standard of proof on perjury, defendants might be leery about testifying in their own defense lest they face a charge of perjury whenever convicted." *Id.* at 1254. We made clear, however, that the commentary "singles out defendant testimony; it directs courts to use this standard only 'in respect to alleged false testimony or statements by the defendant.'" *Id.* (quoting § 3C1.1, comment. (n.1)).

The obstructive conduct at issue here is of a different kind than that in *Montague*. Dozier is alleged to have suborned the perjury of another, not to have committed perjury himself. Hence, neither *Montague*'s holding, nor its concern about inhibiting the exercise

of a defendant's right to testify in his own defense, applies. *Accord United States v. Garcia*, 135 F.3d 667, 670 (9th Cir.1998) ("Assuming without deciding that Application Note 1 mandates a standard greater than a preponderance of evidence for a sentence enhancement for a defendant's own false testimony, it does not apply ... [where] he suborned the perjured testimony of a witness...."). We therefore reject defendant's first challenge to the district court's decision to increase his offense level for obstruction of justice.

■ Dozier's second contention is that the district court was required, but failed, to make specific factual findings justifying the conclusion that he obstructed justice. In support, Dozier again cites our decision in *Montague*, this time for the proposition that a district court's "finding of perjury under section 3C1.1" must be based on "separate and clear" findings. 40 F.3d at 1255–56. But that holding, too, was limited to a finding of perjury by "a testifying defendant," *id.* at 1255, and went "hand-in-hand with [the] higher standard of proof" required for such an adjustment. *Id.* at 1256. Neither the holding nor the considerations on which it was based extend to the defendant's subornation of perjury by another person.[2]

■ It is true that the Sentencing Reform Act of 1984, 18 U.S.C. § 3553(c), requires that "the court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence."[3] But that requirement was

---

1. Effective November 1, 1997, the Sentencing Commission deleted the above-quoted phrase from the commentary to § 3C1.1. The Commission made the deletion so that the Application Note "no longer suggests the use of a heightened standard of proof." U.S.S.G.App. C, amend. 566 (Nov.1997) (citing conflict between *Montague* and the Sixth Circuit's contrary view in *United States v. Zajac*, 62 F.3d 145 (6th Cir.1995)).

2. In *Montague*, we noted the Supreme Court's decision in *United States v. Dunnigan*, which held that "if a defendant objects to a sentence enhancement *resulting from her trial testimony*, a district court must review the evidence and make independent findings necessary to establish a willful impediment to or obstruction of justice ... under the perjury definition...." 507 U.S.

87, 95, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993); *see Montague*, 40 F.3d at 1255. Consistent with our view here, we recognized that this holding was based on "the Court's reasoning, that there may be instances in which *a testifying defendant* is found guilty but did not commit perjury." *Montague*, 40 F.3d at 1255 (emphasis added).

3. Greater specificity is required for certain kinds of sentences not at issue here. Subsection 3553(c)(1) requires an additional statement of "the reason for imposing a sentence at a particular point within the range," where the applicable sentencing range, and not just the sentence itself, exceeds 24 months. *See United States v. Zine*, 906 F.2d 776, 778–79 (D.C.Cir.1990). Subsection 3553(c)(2) requires the court to state its

met here. The district court stated that Dozier's sentence was founded upon his base offense level, increased by two levels for obstruction of justice. The court further indicated that it made the two-level increase because Dozier "offered to pay Shipp several thousand dollars to tell the police that the gun belonged to Shipp," and that "[i]f that is not obstruction of justice, I don't know what is." While the court acknowledged defendant's contention that it should not credit Shipp's testimony, the court concluded that "there is sufficient evidence here that that is what happened." Although it did not go further and explain *why* it believed Shipp, as defendant contends is required, there is little mystery on that point: the court heard Shipp testify first-hand and hence was able to judge his credibility directly.[4]

■ Dozier's final contention is that the evidence was insufficient to justify a finding of obstruction under any standard of proof. Dozier contends that the court erred in crediting Shipp's testimony regarding the attempted obstruction, since the jury's acquittal of Dozier on the drug charges assertedly demonstrated that it "rejected" Shipp's testimony that Dozier handed him the drugs, and thus indicated that the jury did not believe Shipp at all. The court, Dozier suggests, should have drawn the same conclusion.

■ This argument is wrong for three reasons. First, as the Supreme Court noted in *United States v. Watts*, 519 U.S. 148, 117 S.Ct. 633, 637, 136 L.Ed.2d 554 (1997), "it is impossible to know exactly why a jury found a defendant not guilty on a certain charge.... [T]he jury cannot be said to have 'necessarily rejected' any facts when it returns a general verdict of not guilty." Second, a jury may accept some parts of a witness' testimony and reject others, *see Parker v. United States*, 801 F.2d 1382, 1385–86 (D.C.Cir.1986); even if the jury disbelieved Shipp with respect to ownership of the drugs, it may have believed him with

respect to the attempted subornation. Third, even if the jury did not believe that Shipp's testimony established subornation beyond a reasonable doubt (an issue never put to it, since subornation was not one of the charges), "'an acquittal in a criminal case does not preclude the Government from relitigating an issue when it is presented in a subsequent action governed by a lower standard of proof.'" *Watts*, 117 S.Ct. at 637 (quoting *Dowling v. United States*, 493 U.S. 342, 349, 110 S.Ct. 668, 107 L.Ed.2d 708 (1990)). Accordingly, "a jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence." *Watts*, 117 S.Ct. at 638; *see United States v. Thomas*, 114 F.3d 228, 261 (D.C.Cir. 1997).

Here, the district court found the evidence "still sufficient" to establish the attempted obstruction, notwithstanding the jury's acquittal on the drug charges. That finding was plainly based on the court's first-hand appraisal of Shipp's credibility. As we are charged to "give due regard to the opportunity of the district court to judge the credibility of the witnesses, and [to] accept the findings of fact of the district court unless they are clearly erroneous," 18 U.S.C. § 3742(e), we accept the court's finding and affirm the two-level increase for obstruction of justice.

### III

■ The Sentencing Guidelines provide for a two-level decrease in a defendant's offense level if he "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). Dozier contends that the district court erred by failing to explain why it denied him the two-level adjustment. Dozier, however, did not object to this failure below—at a time when the trial judge could have remedied it by explaining his rationale. For that reason, even if the failure to explain were error, we would be able to correct it

---

"specific reason" where it imposes a sentence outside the range described by the Guidelines.

4. Even if the court had been required to make more specific findings, Dozier failed to seek such

findings or object to their absence below. As we note in Part III, that failure would subject this challenge to review for plain error, a standard Dozier cannot meet.

only if it were "plain error." Fed.R.Crim.P. 52(b); *see United States v. Olano*, 507 U.S. 725, 731–32, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

 Although the plain error standard has a number of requirements, *see Olano*, 507 U.S. at 732–36, 113 S.Ct. 1770, most important for this case is that it puts the burden on the defendant to establish prejudice. *See id.* at 734, 113 S.Ct. 1770; *United States v. Forte*, 81 F.3d 215, 217 (D.C.Cir. 1996). This means that Dozier must demonstrate a "reasonable likelihood" that "the court would have reached a different result" had it not made the error asserted. *Forte*, 81 F.3d at 219–20; *see also United States v. Saro*, 24 F.3d 283, 288 (D.C.Cir.1994). And since the error asserted here is the court's failure to explain its decision, the defendant must show a reasonable likelihood that the court would have granted his requested decrease if it had addressed the issue directly and explained its reasoning. *Cf. United States v. Childress*, 58 F.3d 693, 724 (D.C.Cir.1995) (holding that where the error is a failure to make requisite findings, plain error requires a showing that it is "reasonably likely the district court would have assigned [defendant] a ... lower base offense level if it had made the requisite findings"). Dozier faces three hurdles to meeting that requirement, which on the facts of this case are insuperable.[5]

First, the commentary to the Guideline states that the adjustment for acceptance of responsibility "is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt," except in "rare situations" such as "where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt." U.S.S.G.

§ 3E1.1, comment. (n.2); *see United States v. Jones*, 997 F.2d 1475, 1478 (D.C.Cir.1993) (en banc) ("The Guidelines explicitly tell judges that they normally should deny the two-point reduction to a defendant who does not plead guilty."). Here, Dozier went to trial and his counsel contested "the essential factual elements of guilt," both on the charges for which he was acquitted (the drug charges) and on those for which he was convicted (the weapons charges). He did not do so to "preserve issues that do not relate to factual guilt," such as "making a constitutional challenge ... to the applicability of a statute to his conduct." U.S.S.G. § 3E1.1, comment. (n.2). This further sharpens the nature of defendant's burden in establishing plain error: He must demonstrate that it is " 'reasonably likely' that [his] case is one of the 'rare situations' in which a defendant who proceeds through trial is entitled to a reduction for acceptance of responsibility." *United States v. Mitchell*, 49 F.3d 769, 784 (D.C.Cir.1995).

Defendant contends that his is one of those rare situations because he twice offered to plead guilty to the only charges on which the jury convicted him. The government "forced" him "to submit all charges to a trial by jury," Dozier contends, because it refused to accept a plea on the weapons charges unless he also agreed to plead guilty to the drug charges. Moreover, to deny him a decrease, Dozier argues, would be to transgress the Guidelines' instruction that "a defendant is not required to volunteer, or affirmatively admit, relevant conduct beyond the offense of conviction in order to obtain a reduction." U.S.S.G. § 3E1.1, comment. (n.1); *see United States v. Fields*, 39 F.3d 439, 446 (3d Cir. 1994) (remanding where it appeared district court may have considered defendant's refus-

---

5. As noted, defendant's argument is that the court erred in failing to explain its reasons for denying the decrease; he does not directly allege that the denial itself was error. Were he to make such an argument, we would review it on a harmless, rather than plain error standard, because defendant did seek a decrease at the sentencing hearing and did object to the PSR's recommendation against one. *See* Fed.R.Crim.P. 52(a); *cf. United States v. Patel*, 131 F.3d 1195, 1201 (7th Cir.1997) (holding that defendant who consistently disputed Guidelines issue did not

waive right to appeal by failing to object again after court issued findings). But for essentially the same reasons that we conclude defendant was not prejudiced by the court's failure to explain its reasoning, we would also conclude that the court did not err in refusing to grant the requested decrease in the first place. At bottom, because defendant never "clearly demonstrate[d] acceptance of responsibility for his offense," he cannot satisfy the essential prerequisite for the decrease. U.S.S.G. § 3E1.1(a).

al to admit conduct not part of the offense of conviction).

But while the government's refusal to accept his plea offer may have precluded a negotiated resolution of the case, it neither forced Dozier to contest his guilt on the weapons charges nor forced his attorney to suggest in closing argument that the witnesses who said the gun was his were not telling the truth. Tr. at 50–56 (Feb. 26, 1997). Nor would denying Dozier a decrease effectively punish him for refusing to admit conduct beyond the weapons charges of which he was convicted. Nothing prevented Dozier from going to trial to contest his guilt on the drug charges, while admitting his ownership of the gun and ammunition. Had he done so, he would not now be ineligible for the downward adjustment he seeks.

Dozier, however, contends that this was not a real option. He had to contest his factual guilt on the weapons charges, he asserts, because failure to do so would have prejudiced his defense to the drug charges. But that was not necessarily so. To the contrary, Dozier might have improved his credibility with the jury by admitting the crimes of which he was guilty and contesting only those of which he claims innocence. Our point is not to second-guess Dozier's strategy, but only to note that it was a strategy—a calculation that contesting all the charges would so increase the probability of an across-the-board acquittal as to outweigh the risk of losing a downward adjustment in the event of a conviction. But the Guidelines affect many strategic decisions defendants must make, and that impact is not itself enough to move a case into the "rare" class contemplated by § 3E1.1. As the Supreme Court said, in rejecting the contention that the Guidelines' sentencing enhancement for perjury distorts a defendant's decision whether to testify, "[o]ur authorities do not impose a categorical ban on every governmental action affecting the strategic decisions of an accused." *United States v. Dunnigan,* 507 U.S. 87, 96, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993). The fact that Dozier's defense to the drug charges might have been weakened by a truthful admission to the weapons charges is not one of those rare circumstances that would mitigate his decision to contest the latter.

Even if Dozier had conceded his guilt on the weapons charges, he would still face a second hurdle. Where, as here, a district court has properly imposed an adjustment for obstruction of justice, the Guidelines state that an adjustment for acceptance of responsibility "ordinarily" is not available. U.S.S.G. § 3E1.1, comment. (n.4); *see Gaviria,* 116 F.3d at 1521 ("[I]n almost all cases, a defendant who denies guilt and goes to trial, or who receives an obstruction of justice increase under § 3C1.1, is not eligible for a downward adjustment for acceptance of responsibility."). While the commentary to the Guidelines recognizes that there may "be extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply," U.S.S.G. § 3E1.1, comment. (n.4), Dozier has not demonstrated that his is one of those cases. *See United States v. Smaw,* 993 F.2d 902, 905 n. 2 (D.C.Cir.1993); *see also United States v. Gonzales,* 12 F.3d 298, 300 (1st Cir.1993) ("A defendant must carry the burden of proving that his case is extraordinary and, thus, that it comes within the narrow confines of the exception.").

Dozier does not point to anything "extraordinary" about his case, other than to repeat that he twice unsuccessfully attempted to plead guilty. But those attempts cannot do double duty. At most, they might establish that his situation is sufficiently "rare" to overcome the fact that he chose to go to trial—an argument we rejected above. But even if we had accepted it, Dozier would be no better off than if he had pled guilty. To overcome the fact that he attempted to obstruct justice, he still must show that his case is "extraordinary" in some other way. He has not suggested anything that would put it in that category.

Finally, even if Dozier had cleared the above two hurdles, his quest for an adjustment for acceptance of responsibility would falter because he cannot establish § 3E1.1(a)'s core prerequisite: An adjustment is available only "[i]f the defendant *clearly* demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a) (emphasis added); *see United States v. Reid,*

997 F.2d 1576, 1580 (D.C.Cir.1993). Even if the government did "force" Dozier to go to trial, it did not prevent him from clearly expressing contrition after his conviction. Yet, defendant never did.

Dozier did say, "[t]hrough his attorney," that " 'the facts of the offense support the convictions.' " PSR ¶ 15. But that sounds more like an expression of nolo contendere than of contrition. It is not enough to demonstrate acceptance of responsibility. *See United States v. Thomas*, 97 F.3d 1499, 1501 (D.C.Cir.1996) ("There is a difference between admitting the acts and accepting responsibility for the crimes."); *United States v. Cutchin*, 956 F.2d 1216, 1219 (D.C.Cir. 1992).

Equally deficient was Dozier's direct statement to the author of the PSR:

> The defendant explained that he bought the gun from a friend "a few years ago." He added that he had forgotten that he even had the gun, though he admitted that he hid it because he knew possessing the gun was illegal.

PSR ¶ 16. This statement is hardly "clear," let alone an acceptance of responsibility. We read it as suggesting that defendant lacked a requisite element of the offense—intent—because he had forgotten that he had the gun. *See United States v. Kirkland*, 104 F.3d 1403, 1405 (D.C.Cir.1997) (noting "that a defendant's challenge to the requisite intent is just another form of disputing culpability" and is inconsistent with acceptance of responsibility). Defendant's appellate counsel contended at oral argument that there was another possible reading—that Dozier's use of the past perfect tense, "had forgotten," meant the statement could be read as indicating defendant had forgotten about the gun at some earlier time but had remembered it

by the day of his arrest. But even counsel conceded he was "not certain" which time period Dozier was referring to when he said he "had" forgotten the gun. That is simply insufficient to satisfy the requirement of § 3E1.1. To qualify for an adjustment, a defendant must "clearly" accept responsibility for his crime; it is not enough that he arguably do so. *See Reid*, 997 F.2d at 1580; *United States v. McLean*, 951 F.2d 1300, 1302 (D.C.Cir.1991).

The district court gave Dozier a final opportunity to make a statement at the sentencing hearing. That was Dozier's chance to clarify what he had said to the Probation Office, and to express any contrition he may have felt. *See McLean*, 951 F.2d at 1302. But Dozier declined to say anything. Tr. at 4 (May 13, 1997). While the district court lacks the power to force a defendant to express remorse he does not feel, it is not required to reward a remorseless defendant with a decrease in his offense level. Because Dozier did not "clearly demonstrate acceptance of responsibility for his offense," he cannot establish that the court plainly erred in failing to explain its denial of an adjustment.

Defendant draws our attention to a number of cases in which reviewing courts vacated and remanded sentencing determinations because trial courts failed to explain their reasoning adequately. In those and other cases, however, either there was a reasonable likelihood that the trial court had based its decision on an impermissible factor (a possibility that could not be resolved without obtaining a fuller statement of the court's reasons),[6] or the reviewing court was unable to discern a reason for the determination from the existing record.[7] We have neither prob-

---

6. *See, e.g., United States v. Amato*, 46 F.3d 1255, 1263 (2d Cir.1995) ("It also appears likely that the enhancement was based on information which [defendant] was entitled, under his [cooperation] agreement, to have excluded from consideration."); *United States v. Hicks*, 978 F.2d 722, 726 (D.C.Cir.1993) (remanding because of ambiguous reasoning by district court and possibility that court's decision implicated a constitutional issue); *United States v. Charger*, 928 F.2d 818, 820, 823 (8th Cir.1991) (remanding because of ambiguous and conflicting statements by trial court); *United States v. Carlisle*, 907 F.2d 94, 96

n. 3 (9th Cir.1990) (noting that remand would obviate need to decide whether presentence report had "forced [defendant] to implicate himself in other crimes in violation of the Fifth Amendment"); *see also Saro*, 24 F.3d at 288–89 ("Without more, this lack of explicitness would not constitute plain error, but there are substantial signs that [defendant's] presentence report was actively employing the wrong legal standard.").

7. *See, e.g., United States v. Barry*, 938 F.2d 1327, 1337 (D.C.Cir.1991) (reviewing court was unable

lem here. To the contrary, the underlying reasons for denying Dozier an adjustment for acceptance of responsibility are both permissible and readily discernible.

## IV

The sentence imposed by the district court is

*Affirmed.*

to discern, and district court did not explain, how perjury in earlier investigation obstructed investigation of offense for which defendant was convicted); *United States v. Anderson*, 886 F.2d 215, 216–17 (8th Cir.1989) (remanding because district court failed to resolve factual dispute necessary to determine whether adjustment was appropriate).