**UNITED STATES of America, Appellee,**

v.

**Kenneth Lee EBERSPACHER, Appellant.**

**No. 90–5237MN.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 15, 1991.

Decided June 25, 1991.

Mark Peterson, Minneapolis, Minn., argued for appellant.

Douglas R. Peterson, Minneapolis, Minn., argued for appellee.

Before McMILLIAN, ARNOLD, and LOKEN, Circuit Judges.

ARNOLD, Circuit Judge.

Kenneth Lee Eberspacher appeals the sentence imposed by the District Court[1] after he pleaded guilty to possession of cocaine with the intent to distribute. We affirm.

On February 20, 1989, undercover Officer Brian Nelson of the Washington County Sheriff's Department bought two grams of cocaine from a man named Alan Robert Marty. During the course of the drug deal, the police saw Marty go into appellant Eberspacher's business, E & E Distributing, Inc. Officer Nelson purchased another one-half ounce of cocaine from Marty on March 21, 1989. During this deal, the police saw Marty go into Eberspacher's house.

Immediately after this second drug deal, the police searched Eberspacher's house pursuant to a search warrant. Among other items, they found two packages containing a total of 142.6 grams of cocaine. While the police were searching the house, Eberspacher arrived home, and they arrested him. On the next day, the police searched Eberspacher's business pursuant to a second warrant. In various locations throughout the business, the police found four kilogram wrappers with trace amounts of cocaine on them. Under Eberspacher's desk, police found records of drug deals, baggies containing 12.4 grams of methampethamine, a triple-beam scale, a lunchbox containing 626 grams of cocaine and $3,000 cash, and an unloaded World War II vintage M1 semi-automatic rifle.

Next to the lunchbox, the police found yet another kilogram wrapper with trace amounts of cocaine on it. They also found 4.7 pounds of marijuana.

On April 17, 1989, a grand jury indicted Eberspacher on six counts: distributing the cocaine sold by Marty on March 21, 1989; possessing the cocaine found in his house with the intent to distribute it; possessing the marijuana and cocaine found at his business with the intent to distribute them; conspiring to distribute drugs; and using a firearm in connection with a drug-trafficking crime. Eberspacher pleaded guilty to possession with the intent to distribute the 626 grams of cocaine found under his desk. In exchange, the government agreed to dismiss the remaining charges, except for the weapons charge, which the parties agreed would be tried to the District Court on stipulated facts. On August 15, 1989, the District Court acquitted Eberspacher of the weapons charge.

On the basis of an offense level of 32 and a criminal history category of I, the District Court sentenced Eberspacher to one hundred and thirty months' imprisonment, four years of supervised release, and a special assessment of $50. Eberspacher's only complaints on appeal concern his sentence.

■ First, he claims the District Court erred in increasing his base offense level from 26 to 30 by attributing four kilograms of cocaine to him on account of the kilogram wrappers found at his business.[2] Eberspacher apparently does not dispute the District Court's authority to approximate the amount of drugs involved to increase his base offense level when the "amount seized does not reflect the scale of the offense." Application Note 12 to U.S. S.G. § 2D1.1. Rather, he disputes the Dis-

1. The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

2. Police found a total of five wrappers at the place of business. The parties agree that one of these wrappers is an "inner" wrapper, and the rest were "outer" wrappers. If the "inner" wrapper was once inside one of the "outer" wrappers, the wrappers provide evidence of four kilograms of cocaine.

The District Court recognized that of the four remaining "outer" wrappers, one could have once contained the cocaine found at Eberspacher's home and business. The Court did not make a factual finding on this issue, however, because it noted that Eberspacher's base offense level would be the same (30) regardless of whether the wrappers indicated the distribution of an additional three or four kilograms of cocaine.

trict Court's finding that he distributed at least three more kilograms of cocaine than the one kilogram he admitted distributing.

We reject Eberspacher's claim because the District Court did not clearly err in including the additional kilograms of cocaine in calculating his base offense level. As Eberspacher himself stipulated, the wrappers were "kilogram cocaine wrappers." Designated Record at 31. Contrary to appellant's assertion, it is not mere conjecture to assume a kilogram wrapper with trace amounts of cocaine on it at one time actually contained a kilogram of cocaine. Moreover, the wrappers are the kind of evidence that the Guidelines contemplate being used to estimate drug quantities for sentencing purposes. See Application Note 2 to U.S.S.G. § 2D1.4 (district court may consider financial records, similar deals, and size of laboratory in estimating drug quantities). Given Eberspacher's varying explanations for his possession of the wrappers, the District Court was entitled to refuse to believe his claim that the wrappers were part of his collection of antique drug paraphernalia. At any rate, this is a question of credibility, and the District Court is in the best position to make this kind of judgment. Finding no error, we affirm the calculation of the base offense level.

Eberspacher next argues that his acquittal for using a firearm in connection with a drug-trafficking crime under 18 U.S.C. § 924(c) precludes a two-level enhancement for possession of a firearm during commission of the offense under U.S.S.G. § 2D1.1(b)(1). Eberspacher claims 18 U.S.C. § 924(c) and U.S.S.G. § 2D1.1(b)(1) govern the same conduct. Therefore, he argues, an acquittal under 18 U.S.C. § 924(c) prohibits a two-level enhancement for the same behavior under the Guidelines. As support for this argument, he cites the Background Commentary to U.S. S.G. § 2K2.4(a) indicating that enhancements for "firearm discharge, use, or possession" do not apply to convictions under § 924(c), in order to prevent double punishment for the same conduct.

We agree with Eberspacher that § 924(c) and U.S.S.G. § 2D1.1(b)(1) can govern the same conduct, and we have no quarrel with the Background Commentary he cites. We disagree, however, with his claim that an acquittal under § 924(c) prevents the firearm-possession enhancement. The government's burden on the weapons charge is to prove guilt beyond a reasonable doubt. In contrast, the Guidelines enhancement for possession of a firearm "should be applied if the weapon was present, unless it is *clearly improbable* that the weapon was connected with the offense." Application Note 3 to U.S.S.G. § 2D1.1 (emphasis added). The District Court recognized this distinction, and explicitly relied on it in imposing the two-level enhancement. Furthermore, as the trier of fact on the weapons charge, the District Court was in a unique position to evaluate the government's proof on this issue. We therefore affirm the two-level enhancement for possession of a firearm.

Eberspacher's final argument on appeal is that the District Court erred in failing to award him a two-level reduction for acceptance of responsibility. He contends the District Court "unfairly considered [his] refusal to name his source of drugs as an indication that he had not accepted responsibility for his crime." Appellant's Brief at 14. Eberspacher claims that though he could not reveal his source because he feared for his family's safety, other facts in the record indicate he accepted responsibility.

Our review of this issue is limited. The District Court's decision under this Guideline is "entitled to great deference...." Application Note 5 to U.S.S.G. § 3E1.1. The record here contains ample support for the District Court's denial of the two-level reduction. Eberspacher not only failed to name his source, but he also bordered on perjuring himself at his plea hearing. Indeed, the District Court almost refused to accept Eberspacher's plea because the Court felt that he was not being candid. Moreover, while awaiting sentencing, Eberspacher tested positive for cocaine use in violation of his bond. These are not the

actions of an individual demonstrating a clear "recognition and affirmative acceptance of personal responsibility...." U.S. S.G. § 3E1.1. Consequently, we affirm the District Court's refusal to grant the two-level reduction.

The sentence imposed by the District Court is affirmed.