Notice: This opinion is subject to formal revision before publication in the Federal Reporter or U.S.App.D.C. Reports. Users are requested to notify the Clerk of any formal errors in order that corrections may be made before the bound volumes go to press.

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Argued September 15, 2003     Decided December 5, 2003

No. 02–3081

IN RE: SEALED CASE

———

Appeal from the United States District Court
for the District of Columbia
(No. 94cr00193–03)

———

*Thomas G. Corcoran, Jr.* argued the cause for the appellant. *Mary-Ellen Noone* was on brief.

*Suzanne Grealy Curt*, Assistant United States Attorney, argued the cause for the appellee. *Roscoe C. Howard, Jr,* United States Attorney, *and John R. Fisher, Thomas J. Tourish, Jr* and *Martin D. Carpenter*, Assistant United States Attorneys, were on brief.

Before: GINSBURG, *Chief Judge*, and SENTELLE and HENDERSON, *Circuit Judges*.

Opinion for the court filed by *Circuit Judge* HENDERSON.

KAREN LECRAFT HENDERSON, *Circuit Judge*: After he was convicted by a jury of conspiracy to distribute cocaine and of

———

Bills of costs must be filed within 14 days after entry of judgment. The court looks with disfavor upon motions to file bills of costs out of time.

unlawfully possessing with intent to distribute cocaine, the appellant was sentenced to 210 months' imprisonment pursuant to the UNITED STATES SENTENCING COMMISSION GUIDELINES MANUAL (Nov. 2001) (Guidelines) based on an offense level of 32 and a criminal history category of VI. He challenges his sentence on appeal, alleging that the district court erred by refusing to grant him a two-level downward adjustment for acceptance of responsibility under Guideline § 3E1.1(a) and by denying him an additional one-level reduction under Guideline § 3E1.1(b)(1) for providing the government with timely and complete information about his involvement in the offenses. Having considered the multiple arguments the appellant advances in support of his claims, we reject them.

## I. BACKGROUND

The appellant participated in a conspiracy to transport via overnight courier nearly 15 pounds of cocaine from Los Angeles to two addresses in the Washington, D.C. metropolitan area: one on Hartford Street in the District, the other on Featherwood Drive in Silver Spring, Maryland. While the appellant was the intended recipient of the package shipped to the Hartford Street address, which contained approximately 3.9 kilograms of cocaine, a co-conspirator was supposed to receive the package shipped to the Featherwood Drive address, which contained approximately 2.9 kilograms of cocaine. The Drug Enforcement Administration (DEA) intercepted both packages en route after the courier notified it that the packages appeared to contain narcotics. A DEA agent, posing as the courier's delivery person, ultimately delivered the Hartford Street package to the appellant.

The appellant was indicted by a grand jury on one count of conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(ii), and one count of unlawfully possessing with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(ii). The two counts of the indictment were based on the total amount of cocaine (approximately 6.8 kilograms) contained in both the Hartford Street

and Featherwood Drive packages. Seeking a plea agreement with the government, the appellant testified about his involvement in the conspiracy before a grand jury. He later abandoned his effort to obtain a plea bargain and chose to proceed to trial instead. On November 9, 1994, the jury convicted him on both counts. Based on the total amount of cocaine involved in the conspiracy, a criminal history category of VI and an offense level of 37, the district court sentenced the appellant on March 11, 1996 to 360 months' imprisonment.

The appellant thereafter appealed his sentence; we vacated the sentence because the record was inadequate to support attributing both packages of cocaine to him and remanded to the district court for re-sentencing based on further findings as to the quantity of drugs for which the appellant was responsible. *In re Sealed Case*, 108 F.3d 372, 374 (D.C. Cir. 1997). Finding that the evidence adduced at trial adequately demonstrated the appellant's knowledge of the Featherwood Drive shipment and his active participation in the overall conspiracy, the district court reinstated its original sentence. Although the appellant appealed his sentence again, he and the government later filed a consent motion seeking to remand for re-sentencing without regard to the Featherwood Drive package and for consideration of relief, if any, flowing from the decision of the Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466 (2000),[1] or otherwise warranted. We granted the consent motion on September 21, 2000.

The United States Probation Office (Probation Office) issued a new Pre–Sentence Investigation Report (PIR) in preparation for the appellant's second re-sentencing. The PIR found that the appellant was not eligible for an acceptance of responsibility adjustment because he "did not admit his involvement in the instant offenses." Record Material for Appellant (Appellant's Rec.), Tab 12 at 9. The Probation Office eventually issued another memorandum in response to

---

[1]    In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490.

the district court's request that it re-interview the appellant regarding his acceptance of responsibility. The memorandum explained that during the interview the appellant "described in length his involvement with the Hartford Street shipment" but did not accept responsibility for the shipment to the Featherwood Drive address. Appellant's Rec., 14 at 2. In aid of sentencing, the district court subsequently held an evidentiary hearing on November 19, 2001.

On November 26, 2001, the district court denied the appellant's request for a downward adjustment to his offense level under Guideline § 3E1.1(a) because it concluded that he had not clearly demonstrated acceptance of responsibility for his offenses. The court found that the appellant originally claimed that he believed the drugs to be dishes and that he did not accept responsibility for the role he played in the drug conspiracy until after he became aware that it was relevant to his sentencing. The court also found that prior to the November 19, 2001 hearing the only evidence the appellant offered of his acceptance of responsibility was his grand jury testimony, which he repudiated by "voiding" his plea agreement, and his counsel's assertion that "counsel is hopeful that at sentencing [the appellant] will accept responsibility for the Hartford Street delivery." Appellant's Rec., Tab 21 at 9. The court concluded that the appellant's acceptance of responsibility came too late to obtain the two-level adjustment.

The appellant then moved for reconsideration. On July 16, 2002, the district court denied the appellant's motion, finding that the appellant's decision to proceed to trial was inconsistent with the clear acceptance of responsibility required by Guideline § 3E1.1(a) and that his decision did not involve any rare circumstance. Accordingly, on August 23, 2002, the district court re-sentenced the appellant and, based on an offense level of 32 and a criminal history category of VI, imposed concurrent sentences of 210 months' imprisonment on each count of conviction. The appellant filed a timely appeal of his sentence. His case is thus before us for a third time.

## II.  ANALYSIS

We review the sentence imposed by the district court under the "trichotomy" established by the Congress in 18 U.S.C. § 3742(e).  "[P]urely legal questions are reviewed *de novo*; factual findings are to be affirmed unless 'clearly erroneous'; and we are to give 'due deference' to the district court's application of the guidelines to the facts."  *United States v. Kim*, 23 F.3d 513, 517 (D.C. Cir. 1994).  We affirm the sentence because the district court did not err by denying the appellant a downward adjustment for accepting responsibility and for providing the government with information regarding his participation in the offenses.  Under our holding in *United States v. Dozier*, 162 F.3d 120, 127 (D.C. Cir. 1998), the appellant's decision to contest his guilt at trial was at odds with the clear and full demonstration of acceptance of responsibility required by Guideline § 3E1.1(a).  U.S.S.G. § 3E1.1(a) ("If the defendant clearly demonstrates acceptance of responsibility for his offenses, decrease the offense level by 2 levels.").

## A.  ACCEPTANCE OF RESPONSIBILITY

The appellant contends that the district court erred by failing to adjust his offense level downward three levels; two levels for accepting responsibility for his offenses, plus an additional level for "timely providing complete information to the government concerning his own involvement" in the offenses of conviction.  *Id.* § 3E1.1(a)-(b)(1).  The district court found the appellant ineligible for these downward adjustments because it concluded that his was not one of those "rare situations" in which a defendant who puts the government to its burden of proof at trial may still receive a reduction for acceptance of responsibility.  (The district court never reached the § 3E1.1(b)(1) issue because a defendant's acceptance of responsibility under § 3E1.1(a) is a condition precedent to a one-level adjustment for providing complete and timely information to the government regarding his involvement in the offenses.)  We have often recognized that the district court is in a "unique position to evaluate a defendant's acceptance of responsibility," *Id.* § 3E1.1 cmt.

n.5, and thus its determinations regarding this issue "are entitled, at the least, to the benefit of the clearly erroneous standard of review." *United States v. Taylor*, 937 F.2d 676, 680 (D.C. Cir. 1991).

### 1. APPLICABILITY OF RARE SITUATION EXCEPTION

Guideline § 3E1.1 allows a sentencing court to reduce a defendant's offense level by two levels "if the defendant clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). According to note two of the accompanying commentary, the adjustment "is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." *Id.* § 3E1.1 cmt. n.2. *Cf. United States v. Jones*, 997 F.2d 1475, 1478 (D.C. Cir. 1993) (en banc) ("The guidelines explicitly tell judges that they normally should deny the two-point reduction to a defendant who does not plead guilty."), *cert. denied*, 510 U.S. 1065 (1994). The commentary cautions, however, that "conviction by trial . . . does not automatically preclude a defendant from consideration for such a reduction." U.S.S.G. § 3E1.1 cmt. n.2. In "rare situations" a defendant who exercises his right to trial may nonetheless "clearly demonstrate an acceptance of responsibility for his criminal conduct." *Id.* As an example, the commentary offers the case of a defendant who "goes to trial to assert and preserve issues that do not relate to factual guilt (*e.g.*, to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct)." *Id.*

The appellant first argues that the rare situation exception does not apply to him. He relies on the opening sentence of note two which states that a downward adjustment for acceptance of responsibility is not meant to apply to a defendant who puts the government to its proof at trial and "*only then* admits guilt and expresses remorse." *Id.* (emphasis added). Because he admitted guilt and expressed remorse *before* he put the government to its burden of proof at trial, he contends that he need not show that his situation is "rare" in order to obtain the downward adjustment.

The district court rejected the argument, explaining that the appellant's claim is at odds with the commentary because the latter provides that, if a defendant goes to trial, the determination of whether he has accepted responsibility for his crimes will be determined primarily by pretrial statements and conduct. As the commentary makes clear, the adjustment is generally unavailable to a defendant who goes to trial because that decision reflects a state of mind— innocence—fundamentally inconsistent with acceptance of responsibility. *Id.* § 3E1.1 cmt. n.2. The commentary also provides that in the rare situation in which a defendant clearly demonstrates remorse for his crime notwithstanding his decision to go to trial, *id.*, his acceptance of responsibility will nevertheless be determined by his *pretrial* behavior.[2] This makes sense because a post-conviction show of remorse may likely be motivated by a self-serving purpose—leniency at sentencing.

The appellant's position is in fact inconsistent with our decision in *Dozier*, 162 F.3d at 126–28, as well as the overwhelming weight of authority from other circuits.[3] In *Dozier*, the court denied the rare situation exception to a defendant

___

[2] Note two concludes with the following sentence: "In each instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct." *Id.*

[3] *See United States v. Luciano–Mosquera*, 63 F.3d 1142, 1157 (1st Cir. 1995) (no acceptance of responsibility adjustment under rare situation exception where defendant offered to plead guilty but went to trial), *cert. denied sub nom. Pagan–San–Miguel v. United States*, 517 U.S. 1234 (1996); *United States v. Portillo–Valenzuela*, 20 F.3d 393, 394–95 (10th Cir.) (no adjustment under rare situation exception where defendant cooperated and confessed but went to trial), *cert. denied*, 513 U.S. 886 (1994); *United States v. Garcia*, 987 F.2d 1459, 1461–62 (10th Cir. 1993) (no adjustment under rare situation exception where defendant gave statement and went to trial to contest only one charge); *United States v. Davila*, 964 F.2d 778, 784 (8th Cir.) (no adjustment where defendant admitted in-

who twice offered to plead guilty to weapons charges—of which he was subsequently convicted—but refused to plead to drug charges—of which he was acquitted. *Id.* We held that the defendant had not clearly accepted responsibility for his offenses notwithstanding that he offered to plead guilty before going to trial. *Id.* at 126–28. Although the *Dozier* court concentrated on the fact that the defendant had not accepted responsibility *after* trial, it nonetheless considered the rare situation exception to have been triggered by his decision to go to trial in the first place since he had been originally willing to plead to certain charges but ultimately contested his guilt at trial on all of the charges he faced. *Id.* We therefore concluded that Dozier had to fit the rare situation exception to receive the acceptance of responsibility adjustment notwithstanding his initial willingness to admit partial guilt. *Id.* Similarly, we conclude that the appellant too must fit within the rare situation exception.

## 2. APPELLANT IS NOT IN RARE SITUATION

The appellant next argues, as he must, that he deserves a downward adjustment for acceptance of responsibility despite

---

volvement in offense and offered to cooperate but went to trial), *cert. denied*, 506 U.S. 964 (1992); *United States v. Garcia*, 917 F.2d 1370, 1377–78 (5th Cir. 1990) (no adjustment where defendant cooperated with authorities and offered to plead guilty but went to trial); *cf. United States v. McKinney*, 15 F.3d 849, 852–55 (9th Cir. 1994) (adjustment under rare situation exception available to defendant who confessed, assisted authorities and attempted to plead guilty but was rebuffed by government), *cert. denied*, 516 U.S. 857 (1995); *United States v. Rodriquez*, 975 F.2d 999, 1008–09 (3d Cir. 1992) (adjustment available to defendants where government revoked plea agreements); *United States v. Muldoon*, 931 F.2d 282, 289 (4th Cir. 1991) (adjustment for acceptance of responsibility under rare situation exception awarded defendant who offered to plead guilty but was rebuffed by government because he conditioned plea on preserving appeal of nonfactual issue).

having gone to trial to contest his guilt because his situation is in fact rare. He offers two circumstances which he believes qualify him for the rare situation exception: (1) he was willing to plead guilty to involvement in the Hartford Street cocaine delivery but was prevented from doing so by the government; and (2) he went to trial on the advice of counsel who at the time was drug addicted to an extent that impaired her judgment and rendered her interests adverse to his. We believe that neither of these circumstances constitutes a rare situation within the meaning of note two of the commentary to Guideline § 3E1.1.

Initially, the district court concluded that the appellant "must first show that his situation is one of the 'rare' situations in which a decrease may be granted when the defendant goes to trial. The defendant's pursuit of trial must be in order to preserve issues that do not relate to factual guilt." Appellant's Rec., Tab 21 at 7. The court found it unnecessary to decide whether either of the circumstances raised by the appellant constituted a rare situation, however, because it concluded that he had not clearly demonstrated acceptance of responsibility in any event. Subsequently, on the appellant's motion for reconsideration, the court considered his claim that his situation was rare in that he was willing to plead guilty based on his involvement with the Hartford Street package but that the government balked. It held that his situation was not rare because the government's bargaining position was not the sole reason he decided to go to trial. Instead, the district court found that various reasons motivated the appellant, including his desire not to implicate his supplier.

Although the district court did not clearly err in concluding that the appellant's situation does not qualify for the exception, *Taylor*, 937 F.2d at 680, we believe it incorrectly stated the law in declaring that "a defendant's pursuit of trial *must be* in order to preserve issues" unrelated to factual guilt to fit the rare situation exception. Appellant's Rec., Tab 21 at 7 (emphasis added). The commentary describes simply *as an example* of the exception a defendant who goes to trial to

mount a constitutional challenge. U.S.S.G. § 3E1.1 cmt. n.2.[4]
*See, e.g., United States v. De Leon Ruiz*, 47 F.3d 452, 456 (1st
Cir. 1995) ("The example of a constitutional challenge, given
by the guideline commentary as an exception, does not pur-
port to be an exhaustive list of exceptions." (citing *United
States v. Bennett*, 37 F.3d 687, 696–97 (1st Cir. 1994)));
*McKinney*, 15 F.3d at 853 ("Although the application note
lists only this single example of a case where a defendant can
receive the reduction despite going to trial, the . . . example
was not intended to be exhaustive.").

Our decision in *Dozier* dooms the appellant's claim that his
situation is rare because the government prevented him from
pleading guilty to the Hartford Street delivery only. 162
F.3d at 126–27. In *Dozier* the defendant maintained that his
situation was rare "because he twice offered to plead guilty to
the only charges on which the jury convicted him." *Id.* at
126. According to the defendant, the government compelled
him to go to trial by refusing to accept his guilty plea on the
weapons charges—of which he was later found guilty—unless
he also pleaded guilty to drug charges—of which he was later
acquitted. *Id.* We rejected his argument because the gov-
ernment did not preclude him from contesting his guilt on the
drug charges at trial while admitting his guilt on the weapons
charges. *Id.* at 127. The government's refusal to accept the
defendant's offer to plead "neither forced [him] to contest his
guilt on the weapons charges nor forced his attorney to
suggest in closing argument that the witnesses who said the
gun was his were not telling the truth." *Id.* The defendant's
decision to do otherwise on the belief that failing to contest
the gun charges would have prejudiced his defense on the
drug charges was a strategic choice, we concluded, that
ultimately proved unsuccessful: "Our point is not to second-
guess [the defendant's] strategy, but only to note that it was a
strategy—a calculation that contesting all the charges would
so increase the probability of an across-the-board acquittal as
to outweigh the risk of losing a downward adjustment in the

---

[4] "This may occur, *for example*, where a defendant goes to trial
to assert and preserve issues that do not relate to factual guilt. . . ."
*Id.* § 3E1.1 cmt. n.2 (emphasis added).

event of a conviction." *Id.* We held that the defendant's decision to seek an acquittal on all charges against him was not a rare circumstance, declaring that "[t]he fact that [the defendant's] defense to the drug charges might have been weakened by a truthful admission to the weapons charges is not one of those rare circumstances that would mitigate his decision to contest the latter." *Id.*

Similarly, the government did not prevent the appellant from accepting responsibility for conspiring to distribute and possessing with intent to distribute the 3.9 kilograms of cocaine delivered to the Hartford Street address. Initially, we note that the government's offer only required the appellant to plead guilty to conspiracy under *18 U.S.C. § 371* ("If two or more persons conspire ... to commit any offense against the United States ... and do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both."). The government's offer carried a sentence less severe than the one he would have received had the government required him to plead guilty to conspiracy under *21 U.S.C. § 841*, the statute on which he had been indicted.[5] Nevertheless, because the parameters of the plea agreement have been obscured by the

_____

[5] Had the appellant pleaded guilty under 18 U.S.C. § 371—which prescribes a five-year maximum sentence—the district court would have been required to sentence him to 60 months' imprisonment. U.S.S.G. § 5G1.1(a) ("Where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence."). Had the offer required the appellant to plead guilty under 21 U.S.C. § 841, he would have received a much heftier sentence, even with the § 3E1.1 adjustment. As a career offender, the appellant would have received an initial base offense level of 32 and a criminal history category of VI. U.S.S.G. §§ 2D1.1(a)(3), (c), 4B1.1(C). If the full three-level adjustment under section 3E1.1 had been awarded, the appellant's offense level would have been 29. With an offense level of 29 and a criminal history category of VI,

passage of time,[6] *compare* Appellant's Rec., Tab 16 at 12–14, *with* Appellant's Rec., Tab 15 at 14–15, Tab 16 at 14, 24, we will consider the appellant's contention without reference to the statute specified in the plea agreement.

The appellant was free at trial, however, to stipulate to his role in the Hartford Street delivery and was equally free to simply refrain from contesting the government's evidence regarding that delivery. This is not the path he chose; instead he not only denied involvement with the 2.9 kilograms of cocaine delivered to the Featherwood Drive address but also denied knowing the Hartford Street package contained drugs. Indeed the appellant denied participating in the conspiracy at all. But the government's refusal to allow the appellant to plead guilty only to the Hartford Street offense in no way *required* his trial counsel to submit in her opening statement that the evidence would show that the appellant was not involved in any conspiracy, that he wondered what his co-conspirator had done when the authorities surrounded the Hartford Street address and that he only became aware that "something was afoot" when he inspected the package containing the cocaine. Record Material for Appellee (Appellee's Rec.), Tab C at 128–29. The government also did not compel the appellant's counsel to allege that the government was "pointing a finger at the wrong guy" who was swept into a criminal conspiracy by mistakenly "doing someone a favor." Appellee's Rec., Tab C at 129–30. As in *Dozier*, the appel-

_____

his sentencing range would have been 151–188 months. *Id.* ch. 5, pt. A (Sentencing Table). Accordingly, had the appellant been able to accept the deal he complains the government refused to offer, the best he could have hoped for (barring a departure under Guideline section 5K) was a sentence more than twice as long as the one the government's offer carried.

[6] Apart from the recollections of the relevant players, the only evidence of a plea agreement in the record is a draft agreement sent to the appellant's counsel on July 19, 1994.

lant was not put in a rare situation by the government; rather, he made a strategic decision to roll the dice for an acquittal on all charges and came up short. *See* 162 F.3d at 127. Accordingly, we conclude that the district court did not clearly err in rejecting the appellant's claim that the government's "forcing" him to trial made his situation "rare" so that he remained eligible for an acceptance of responsibility adjustment.[7] *Id.*

---

[7] The appellant relies on an Eighth Circuit case, *United States v. Guerrero–Cortez*, 110 F.3d 647 (8th Cir.), *cert. denied sub nom. Gonzalez v. United States*, 522 U.S. 1017 (1997), in which the court reversed the district court's denial of the acceptance of responsibility adjustment, holding that it erred in ignoring evidence of the defendant's unsuccessful efforts to plead guilty based on his involvement with the amount of drugs for which the court, at sentencing, found him responsible. *Id.* at 654–56. The *Guerrero–Cortez* court reasoned that the government thwarted the defendant's attempt to plead guilty:

> [Defendant] was at all times ready to plead guilty to two kilograms. The government, however, refused to accept his plea unless he would admit to his involvement with five kilograms. By refusing to accept [the defendant's] guilty plea, the government gave [him] no choice but to go to trial. Ultimately, however, the district court found [the defendant] responsible for only two kilograms.

*Id.* at 656. The court found the defendant to have been "forced" by the government into a rare situation in which his decision to proceed to trial did not preclude him from receiving credit for acceptance of responsibility. *Id.* at 655–56. The court therefore held that "it was clearly erroneous for the district court to conclude that [defendant's] acceptance of responsibility came at sentencing, and not at the time of trial." *Id.* at 656. The district court distinguished *Guerrero–Cortez* primarily on the facts, explaining that it bore only a superficial resemblance to the appellant's case because the defendant in *Guerrero–Cortez* went to trial *solely* because the government would not allow him to plead guilty. In contrast, the appellant offered several reasons to explain his decision to reject the plea agreement: his unwillingness to implicate

The appellant also maintains that, in finding that his situation was not rare, the district court improperly considered his unwillingness to implicate[8] his supplier by testifying against him. His argument presents a question of first impression in our Circuit: May a sentencing court consider a defendant's refusal to implicate a co-conspirator in denying him an acceptance of responsibility adjustment? Today we join those circuits that have answered this question affirmatively.[9] To receive an adjustment under Guideline § 3E1.1(a), a defen-

others, including his supplier; his trial counsel's (erroneous) advice that his grand jury testimony could not be used against him if he "voided" the plea agreement and demanded a trial; and his trial counsel's belief that his opportunity to plead was dependent upon a co-conspirator entering a plea agreement.

[8] Although the appellant repeatedly identified the source of the narcotics when testifying before the grand jury, he refused to testify against the source once the latter was apprehended.

[9] The circuits are split on the question whether a sentencing court may consider evidence of the defendant's refusal to implicate co-conspirators to deny an adjustment under Guideline § 3E1.1. *Compare, e.g., United States v. Larkin*, 171 F.3d 556, 558–59 (7th Cir.) (holding that "it was clearly permissible for the district court to condition the reduction for acceptance of responsibility on [the defendant's] willingness to provide" information identifying the drug source), *cert. denied*, 528 U.S. 883 (1999); *United States v. Nunez–Rodriguez*, 92 F.3d 14, 19–22 (1st Cir. 1996) ("no sound basis for a general rule barring a defendant's voluntary cooperation in truthfully identifying criminal associates from consideration by the sentencing court in determining the genuineness of the defendant's remorse"); *United States v. Eberspacher*, 936 F.2d 387, 389–90 (8th Cir. 1991) (no error in relying on defendant's refusal to name source of drugs to deny acceptance of responsibility adjustment); *with, e.g., United States v. Leonard*, 50 F.3d 1152, 1158–59 (2d Cir. 1995) (defendant need not assist authorities in incriminating others to receive one-level reduction under § 3E1.1(b)(1)); *United States v. Vance*, 62 F.3d 1152, 1158 (9th Cir. 1995) (error in relying on defendant's refusal to cooperate with authorities by revealing and testifying against drug supplier to deny acceptance of responsibility adjustment); *McKinney*, 15 F.3d at 854 (defendant remained

dant must "demonstrate[ ] acceptance of responsibility for his offense" by "truthfully admitting the conduct comprising the offense(s) of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct)." U.S.S.G. § 3E1.1(a) & cmt. n.1(a). Such an admission does not require a defendant to "volunteer, or affirmatively admit, relevant conduct beyond the offense of conviction." *Id.* A defendant "may remain silent in respect to relevant conduct beyond the offense of conviction without affecting his ability to obtain a reduction under this subsection." *Id.* But "a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." *Id.* Although the language of the Guideline and its commentary does not specify all of the factors a district court may consider in determining whether a defendant has "truthfully admitt[ed] the conduct comprising the offense(s) of conviction," § 3E1.1(a) & cmt. n.1 ("appropriate considerations include, but are not limited to"); *see Nunez–Rodriguez*, 92 F.3d at 20 ("[P]ersonal responsibility may be manifested in various ways and the acceptance of responsibility determination under § 3E1.1 necessarily envisions a fact-specific inquiry in each case."), the Guidelines vest a sentencing court with "the latitude to consider all reliable, probative indicia tending to demonstrate, or countervail, the genuineness of the particular defendant's remorse." *Id.*

We conclude that under Guideline § 3E1.1 the sentencing court may, in the exercise of its discretion, require a defendant to satisfy his obligation to truthfully admit the "conduct comprising the offense(s) of conviction" by disclosing relevant information beyond the mere technical elements of the offense(s), including information regarding other criminal par-

eligible for reduction to offense level for acceptance of responsibility notwithstanding his refusal to incriminate co-conspirators).

ticipants. U.S.S.G. § 3E1.1(a) & cmt. n.1(a). In so holding, we agree with the Seventh Circuit that a sentencing court may require a defendant seeking an acceptance of responsibility adjustment to provide "a 'candid and full unraveling' of the circumstances surrounding the offense of conviction, including information about the methods used by the defendant to commit his crime and the source of the contraband he possessed at the time of the arrest." *Larkin*, 171 F.3d at 558 (quoting *United States v. Hammick*, 36 F.3d 594, 599–600 (7th Cir. 1994)). A defendant's willingness to implicate others may not in every case provide a "*bona fide* indicium," *Nunez–Rodriguez*, 92 F.3d at 20, of acceptance of responsibility and, conversely, his unwillingness may not always signal a lack of remorse. *Vance*, 62 F.3d at 1158 ("A cunning but not contrite defendant may buy his way out of trouble by providing evidence against someone else, and an entirely contrite defendant may out of fear, ignorance of information useful to the prosecutors, or other reason, fail to provide assistance."); *Nunez–Rodriguez*, 92 F.3d at 20. In the first instance, however, it is up to the district court to assess the defendant's remorse, which may include probing the reasons the defendant exposes, or refuses to expose, his associates. *Nunez–Rodriguez*, 92 F.3d at 20.[10] We think the district court here

---

[10] Our holding should come as no surprise; we hinted at it in *United States v. Taylor*, 937 F.2d 676, 680 (D.C. Cir. 1991). There we held that the district court did not err in refusing to give an acceptance of responsibility adjustment to defendants who had pleaded guilty to violating 18 U.S.C. § 922(g)(1) (possession of firearm by convicted felon) because they offered an " 'inherently incredible' " explanation for cruising around in a pickup truck while carrying loaded firearms and wearing bullet-proof vests. *Id.* at 680. We explained that "the scope of the district court's wide discretion under section 3E1.1 is not restricted to an evaluation of the defendant's acceptance of responsibility for the narrow offense of conviction and its essential elements" and we concluded that "the district court properly interpreted the guideline to require a truthful and complete explanation of, and a genuine acceptance of responsibility for, *all* of the circumstances surrounding the defendants' firearm possession offense." *Id.* (emphasis added).

correctly considered the appellant's unwillingness to name his source in concluding that he was not in a rare situation.

Finally, the appellant maintains that his situation is rare because he relied on the advice of his drug-impaired trial counsel. The appellant's theory is that his lawyer encouraged him to proceed to trial so she could earn additional compensation to support her addiction. His trial counsel ultimately pleaded guilty to two counts of theft of government property for false claims she submitted in connection with legal services she never provided to clients she was appointed to represent. The district court rejected the appellant's argument, explaining that his allegation was more properly styled as a Sixth Amendment ineffective assistance of counsel claim.[11] We conclude that the district court did not clearly err in rejecting it at sentencing.[12]

## B. LIMITED EXAMINATION OF TRIAL COUNSEL

The appellant challenges the district court's limiting of his examination of his trial counsel at the re-sentencing hearing. The district court sustained the government's objection to the question the appellant's then-counsel posed to his trial counsel regarding "the nature of her problem in 1994," apparently referring to her false claims conviction. Appellant's Rec., Tab 16 at 16. The court explained that "there's no need to go in to that" but nevertheless allowed defense counsel to proffer

---

[11] *Cf. United States v. Day*, 285 F.3d 1167, 1172 (9th Cir. 2002) (remanding defendant's collateral appeal to determine whether counsel's incompetent advice precluding acceptance of responsibility adjustment constituted prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984)).

[12] Because we conclude that the appellant was properly denied a two-level downward adjustment to his offense level under § 3E1.1(a), we need not reach the merits of his claim to an additional one-level reduction for "timely providing complete information to the government concerning his own involvement in the offense[.]" U.S.S.G. § 3E1.1(b)(1). A defendant must qualify for an adjustment under § 3E1.1(a) before he is eligible for the additional one-level adjustment under § 3E1.1(b)(1). *See id.*

for the record that the appellant's trial counsel had a "criminal difficulty." *Id.* The appellant now maintains that had the district court not foreclosed this avenue of inquiry, "there was a substantial possibility" he would have been able to elicit an admission from his trial counsel that she advised him to go to trial (rather than use a strategy more consistent with acceptance of responsibility) because she needed the money a trial would bring in order to support her drug addiction or, "at least," that she was less than conscientious in her representation because her money problem "had occurred to her." Br. for Appellant at 32. We conclude that the district court did not abuse its discretion by circumscribing the appellant's effort to inquire further into the nature of his trial counsel's "criminal difficulty."

Preliminarily, there is some reason to question whether the district court in fact prevented the appellant from examining his trial counsel in view of his then-counsel's interpretation of the district court's ruling at the time. Although the court sustained the government's objection regarding the appellant's inquiry into his trial counsel's "criminal difficulty," shortly thereafter his then-counsel pursued questioning designed to elicit the desired admission. The district court did not interrupt counsel when he asked the appellant's trial counsel whether "it is fair to say that in the summer of 1994 you had a great need for money." Appellant's Rec., Tab 16 at 16. Upon his trial counsel's answer to this question, however, the appellant's then-counsel abruptly retreated, explaining that he "would just like to argue the exhibits *rather than have to ask her these questions.*" *Id.* at 17 (emphasis added). Defense counsel's decision to argue from the exhibits thus appeared to be a strategic maneuver—not one dictated by the court.

A ruling regarding the admission of evidence during a sentencing hearing is reviewed for abuse of discretion. *See* FED. R. CRIM. P. 32; U.S.S.G. § 6A1.3 cmt.; *United States v. Small*, 74 F.3d 1276, 1287 (D.C. Cir.) ("[T]he sentencing court . . . is to determine the appropriate procedure for gathering evidence . . . ."), *cert. denied*, 517 U.S. 1229 (1996). We cannot

say that the district court abused its discretion here. It allowed the appellant's counsel to argue based on exhibits—his trial counsel's indictment and the government's memorandum in aid of her sentencing—that her drug addiction impaired her judgment and made her interests adverse to his and that, as a consequence, she supplied him with self-serving advice. Thus the appellant had an adequate opportunity to present his theory to the district court and he in fact did so.

The appellant relies on *United States v. Rodriguez*, 975 F.2d 999, 1009 (3rd Cir. 1992), to argue that the court did not adequately consider the role his trial counsel played in his decision to proceed to trial. Br. for Appellant at 31–32. The *Rodriguez* court held that the district court erred by "failing to consider the reasons for which [the defendants] refused to plead to the entire indictment, along with the apparent validity of those reasons." 975 F.2d at 1009. Here, however, the district court held an evidentiary hearing during which witnesses offered different reasons why the appellant went to trial. The appellant's counsel was allowed to offer an explanation for his decision to go to trial based on his trial counsel's testimony and exhibits. And the appellant himself provided a reason that calls into question the claim that it was his trial counsel's compromised advice that drove him to trial. Accordingly, we conclude that the district court did not abuse its discretion in limiting examination of the appellant's trial counsel at the sentencing hearing.

## III. Conclusion

For the foregoing reasons, the sentence imposed by the district court is affirmed.

*So ordered*