ROGERS, Circuit Judge,
concurring in part and dissenting in part:
Because imposing a criminal sentence implicates “the most elemental of liberty interests — the interest in being free from physical detention by one’s own government,” Hamdi v. Rumsfeld, - U.S. -, 124 S.Ct. 2633, 2646, 159 L.Ed.2d 578 (2004) (citing Foucha v. Louisiana, 504 U.S. 71, 80, 112 S.Ct. 1780, 1785-86, 118 L.Ed.2d 437 (1979)), it is imperative that courts reach sentencing decisions properly. Cf. United States v. Saro, 24 F.3d 283, 287-88 (D.C.Cir.1994). The Prosecutorial Remedies and Other Tools to End the Exploitation of Children Today Act of 2003 (“the PROTECT Act”), Pub. L. 108-21, 117 Stat. 650 (April 30, 2003) (codified as amended at 18 U.S.C. § 3553ff), establishes a new, more demanding appellate standard of review that depends on detailed findings by the district court, by which the appellate court is bound, absent clear error. Because the court concludes that the record of appel-lee’s sentencing contains unclear reasoning by the district court and lacks detailed factual findings on relevant considerations for departing from the United States Sentencing Guidelines, see, e.g., U.S.S.G. §§ 5K2.0, 5K2.11, the court should obtain detailed findings from the district court before conducting its de novo review of the district court’s departure from the Guidelines. For an appellate court to act on the basis of an insufficient district court record, and in the process to make findings of fact not touched upon by the court below, muddles the distinct and separate roles of the district and appellate courts under the PROTECT Act. Accordingly, I would remand the case to the district court, which has “an institutional benefit over appellate courts” that do not see nearly as many Guidelines cases, Koon v. United States, 518 U.S. 81, 98, 116 S.Ct. 2035, 2046-47, 135 L.Ed.2d 392 (1996), so that the court may make detailed findings in support of its decision to depart from the Sentencing Guidelines. See 18 U.S.C. §§ 3553(c), 3742(e).
Under the PROTECT Act, the appellate court must accept the district court’s findings of fact unless they are clearly erroneous, but reviews de novo for limited purposes the district court’s determination to depart from the Sentencing Guidelines. See id. § 3742(e). The appellate court is still required to give “due deference to the district court’s application of the guidelines to the facts.” Id. § 3742(e). See In re Sealed Case, 350 F.3d 113, 116 (D.C.Cir. 2003). However, if a sentence is outside the applicable .guideline range, and is either not explained by a written statement of reasons, or based on an impermissible factor, de novo review is warranted. See id. § 3742(e)(3)(A), (B). But in conducting *1174 de novo review, the appellate court is limited by the PROTECT Act to determining, as relevant here, whether the departure (1) “does not advance the objectives” of 18 U.S.C. § 3558(a)(2), namely, reflecting the seriousness of the offense, promoting respect for the law, providing just punishment and adequate deterrence, protecting the public, and providing the defendant with effective correctional treatment; (2) is “not authorized” under id. § 3553(b), which directs that sentences be imposed within the guidelines range “unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission”; or (3) is “not justified by the facts of the case.” Id. § 3742(e)(3)(B)(i)-(iii); see also id. § 3742(f).
The district court made the following findings of fact. After accepting appellee’s plea to the superceding indictment, the court released appellee on his personal recognizance pending sentencing, finding that appellee “is gain[ful]ly employed. He has a stable residence. He has been in complete compliance since January of this year with all the conditions of pretrial supervision. I see no basis on which to lock him up at this point.” Transcript of Plea Proceedings, Apr. 24, 2003, at 17. At sentencing, in considering the defense motion for a downward departure of four levels under U.S.S.G. §§ 5K2.0 and 5K2.11, the district court stated that the issue was “the reason for which [the appel-lee] possessed a weapon.” Sentencing Transcript, Apr. 29, 2003, at 5. Noting that appellee’s felony conviction was 13 years old, the court challenged the prosecutor’s statement that “the' government is confident that [appellee] was aware that he was not to possess a firearm under any circumstances.” Id. In response to the prosecutor’s final statement that a departure would not be justified, the court stated, “[Appellee] is 42 years old. He has been gainfully employed. * * * He hasn’t done anything wrong since 1989. He supports his children or tries to support his children. He seems to me to be an ideal candidate for probation, and I see no point at all in sending him to prison at this point. I am going to grant the Motion for a Departure, and you can put me on Mr. Ashcroft’s list.” Id. at 6. (Under the PROTECT Act, the Attorney General must report to the House and Senate Judiciary Committees within 15 days of any downward departure by a district court from the Sentencing Guidelines. See 18 U.S.C. § 3553 note (2003)). After hearing defense counsel’s view that probation was warranted because appellee was “a very atypical [defendant,” id. at 7, the district court, upon hearing from appellee personally, sentenced him to three years probation.
In the Judgment, the district court stated that it was departing from the Sentencing Guidelines under U.S.S.G. §§ 5K2.0 and 5K2.11 for the reasons stated in appel-lee’s motion for downward departure, and that it was adopting the factual findings and Guideline application in the presen-tence report. Appellee’s departure motion briefly described his current employment and the circumstances of his predicate felony conviction and present arrest in support of his claim that his “conduct [wa]s vastly different than the overwhelming majority of cases prosecuted under 18 U.S.C. § 922(g).” The motion argued that appellee’s conduct did not threaten the harm sought to be prevented by § 922(g), but was more akin to comparable cases where courts had granted departures, and differed significantly from typical conduct covered by the heartland of cases encompassed by the Sentencing Guidelines. Other than reciting appellee’s employment and arrest circumstances, however, the motion was cursory and devoid of substantive legal arguments, simply citing the *1175 holdings of various cases. While the pre-sentence report provided additional factual information about appellee, the district court did not articulate which and to what extent any of these other facts influenced its decision to depart.
Doubtless, district court findings, whether oral or written, have often been far from extensive in view of the limited nature of appellate review that existed prior to the PROTECT Act. See Koon, 518 U.S. at 91, 116 S.Ct. at 2043 (1996); United States v. Bridges, 175 F.3d 1062, 1065 (D.C.Cir.1999). While the PROTECT Act does not substantively change the district court’s ability to depart from the Sentencing Guidelines in most cases, it does make a procedural change by requiring the district court to set out in writing its reasons for departure, as well as expanding the scope of appellate review of such departures. See United States v. VanLeer, 270 F.Supp.2d 1318, 1324 (D.Utah 2003). Under § 3553(c)(2), the district court is required to state “with specificity” his or her “reasons [for departing] ... in the written order of judgment and commitment.” Previously the statute only required the district court to state “in open court” “the specific reason” for a departure. See 18 U.S.C. § 3553(c)(2004) (amending 18 U.S.C. § 3553(c)(2000)). See Op. at 1166. The House sponsor and other supporters of the amendment, calling for de novo appellate review, were of the opinion that district courts were too often departing from the Sentencing Guidelines, and that the abuse of discretion standard for appellate review under Koon was inadequate to the task of ensuring that district courts followed the Guidelines. See Cong. Rec. H2422 (daily ed. Mar. 27, 2003) (statement of Rep. Feeney); id. at H2423 (statement of Rep. Sensenbrenner). By requiring the district court to provide written reasons, Congress increased the pressure on district courts to make detailed findings of fact to support their departure decisions. Indeed, even if the statutory language in § 3553(c) had remained unchanged, the more demanding de novo standard for appellate review itself places a greater premium on fact-finding by the district court.
I concur in holding that there is no retroactivity problem under the reasoning of Landgraf v. USI Film Products, 511 U.S. 244, 265, 114 S.Ct. 1483, 1496-97, 128 L.Ed.2d 229 (1994). See Op. at 1165. The PROTECT Act neither impairs appellee’s rights to a departure under the Sentencing Guidelines nor imposes new duties on ap-pellee to obtain a departure. See Ibrahim v. District of Columbia, 208 F.3d 1032, 1035-36 (D.C.Cir.2000). I also concur in holding that applying the PROTECT Act to appellee does not violate the ex post facto clause of the Constitution, see Op. at 1165, U.S. Const, art. I, § 10, cl. 1. The PROTECT Act does not increase the punishment for violations of 18 U.S.C. § 922(g). See Cal. Dep’t of Corr. v. Morales, 514 U.S. 499, 504, 115 S.Ct. 1597, 1600-01, 131 L.Ed.2d 588 (1995) (citing Collins v. Youngblood, 497 U.S. 37, 43, 110 S.Ct. 2715, 2719-20, 111 L.Ed.2d 30 (1990)). Cf. United States v. Shorty, 159 F.3d 312, 315 (7th Cir.1998). However, the court brushes aside too quickly the concerns appellee raises about the practical impact of the PROTECT Act. See Op. at 1166. These concerns are significant for purposes of enabling the appellate court to properly perform its role under the PROTECT Act. Because the PROTECT Act calls for written and more detailed fact-finding by the district court and makes the district court’s findings that are not clearly erroneous binding on the appellate court, it necessarily follows that in departing from the Sentencing Guidelines, the district court’s factual findings must be more rigorous. See, e.g., VanLeer, 270 F.Supp.2d at 1324-25.
*1176 Without detailed factual findings by the district court to support a departure from the Sentencing Guidelines, the appellate court, even where, as here, it accepts ap-pellee’s version of the facts, see Op. at 1166, is left to speculate and surmise. For instance, the court states that the district court “made no mention of the circumstances of [appellee’s] arrest or of his representations regarding the shooting range.” Id. at 1164. The court then proceeds to make its own findings of fact, speculating that appellee evidenced no intention to permanently relinquish the firearm. See id. at 1168. The court further acknowledges that the district court’s reasoning in granting the departure was unclear. In this regard, the court observes that the district court’s findings left uncertain whether the district court found that departure under U.S.S.G. § 5K2.0 was warranted based on a “combination of factors,” which together might have taken the case outside the heartland of offenses covered by the Guideline. Id. at 1170. The court implicitly admits, in making its own findings, that the district court failed to elaborate on key considerations that are significant for purposes of justifying a departure in the instant case, such as an explanation of precisely why the district court concluded that appellee’s case was “exceptional.” Id. at 1169, 1171. Additionally, as the court describes, the district court only touched very generally on some of its reasons for finding departure warranted. See id. at 1164.
Notwithstanding the absence of detailed factual findings by the district court, the court draws its own inferences and conclusions, stating, on the basis of an admittedly inadequate record, that appellee’s circumstances were clearly not “exceptional.” Id. at 1169, 1171. This conclusion reflects the quintessential type of fact-finding that a district court is in a better position to undertake than an appellate court. A determination of the reason why appellee possessed the firearm, see, e.g., United States v. Shell, 972 F.2d 548, 552 (5th Cir.1992), as well as a determination of whether facts are present to “an exceptional degree,” Koon, 518 U.S. at 95-96, 116 S.Ct. at 2045-46 (quoting U.S.S.G. ch. 5, pt. H, intro, cmt.), are best evaluated in the first instance by the district courts. See United States v. Rhodes, 145 F.3d 1375, 1383-84 (D.C.Cir.1998). As the Supreme Court observed in Koon, 518 U.S. at 98, 116 S.Ct. at 2046-47, albeit in support of an abuse of discretion standard for appellate review, district courts have “an institutional advantage over appellate courts ..., especially as they see so many more Guidelines eases than appellate courts do.” Koon, 518 U.S. at 98, 116 S.Ct. at 2046-47. With enactment of the PROTECT Act, the district court’s institutional advantage remains unchanged; appellate courts see far fewer Sentencing Guideline cases than district courts and, moreover, the district court has the opportunity to question the defendant personally. See Fed. R. Crim. P. 32(c). Consequently, a district judge’s determination of a defendant’s purpose or that a case is truly “exceptional” based on specific findings of fact will generally be more credible than when an appellate court makes the same determination based on a sparse factual record from the district court.
In making factual findings, see Op. at 1168, 1169,1171, and drawing inferences to support its conclusions, then, the court distorts the appellate court’s role beyond that contemplated by the PROTECT Act. Cf. 18 U.S.C. § 3742(f). See also Williams v. United States, 503 U.S. 193, 205, 112 S.Ct. 1112, 1121-22, 117 L.Ed.2d 341 (1992). Simply assuming the defendants’ proffer of the facts to be true, see Op. at 1166, does not suffice, for this ignores the district court’s “special competence — about the ‘ordinariness’ or ‘unusualness’ of a particular case.” Koon, 518 U.S. at 98, 116 S.Ct. *1177 at 2046-47 (quoting United States v. Rivera, 994 F.2d 942, 951 (1st Cir.1993)). Findings of fact by a district court reflect experienced judgment in Sentencing Guidelines cases to the factual proffers and arguments of the parties in a particular case. See Fed.R.Crim.P. 32(c). The colloquy between the prosecutor and the district court that occurred in this case is indicative of such judgments. Further, the presentence report contains detailed facts from which the district court may draw in determining whether or not to depart from the Sentencing Guidelines. See id. By contrast, a defendant, as here, may fail to identify all the relevant circumstances or fail to state them in a manner that is likely to persuade an appellate court. See, e.g., Op. at 1163, 1166. Appel-lee’s departure motion appears to assume that the age and nature of his predicate felony conviction, his current employment, and his innocent purposes in possessing the firearm sufficed to support a departure. Whether true or not, the deficiencies in the district court’s factual findings pointed out by the court are of a type that should be fleshed out at a sentencing hearing, where in addition to obtaining assistance from the parties’ written pleadings, the district court can independently question the parties as well.
Simply put, in the PROTECT Act, Congress not only preserved the significant fact-finding role of the district court in sentencing, it insisted upon it. Congress’ focus was not on transforming the fact-finding responsibilities long vested in the district courts, but rather on ensuring that the courts follow the Sentencing Guidelines. See 149 Cong. Reo. H2423 (daily ed. Mar. 27, 2003) (statement of Rep. Feeney). To that end, Congress requires detailed fact-finding by the district court and written reasons in the event of departure from the Guidelines. See 18 U.S.C. § 3553(c). While expanding appellate review of sentencing departures in an effort to “address[ ] long-standing and increasing problems of downward departures from the Federal sentencing guidelines,” 149 Cong. Reo. H2422 (daily ed. Mar. 27, 2003) (statement of Rep. Feeney), Congress made no change to the clearly erroneous standard of review of district court findings of fact. See 18 U.S.C. § 3742(e)(4). Importantly, the roles of the district court and the appellate court remain separate and defined under the PROTECT Act. Heretofore, the court has recognized the distinct perspective of the district court, see Rhodes, 145 F.3d at 1384, and has not been loath to remand in sentencing matters in recognition that a district court may draw different inferences than an appellate court looking only at a paper record. See United States v. Lam, 924 F.2d 298, 307 (D.C.Cir.1991). Our sister circuit, faced with the task of conducting de novo review of sentencing departures after enactment of the PROTECT Act, has concluded that the proper remedy for insufficient fact-finding by the district court is a remand for additional fact-finding. See United States v. Huerta, 371 F.3d 88, 95 (2d Cir.2004). As the Second Circuit observed, its review of the district court’s sentencing determination was hampered by the limited nature of the district court’s factual findings. See id. To date, other circuits have remanded for the district court’s initial consideration of relevant considerations under the PROTECT Act. See United States v. Bostic, 371 F.3d 865, 877 n. 10 (6th Cir.2004); United States v. Lynch, 2004 WL 1567852 (5th Cir.2004).
For these reasons, I would remand the case to the district court for detailed factual findings and an explication of reasons for departing from the Sentencing Guidelines, which must be stated “with specificity” and in writing, as required by the PROTECT Act. See 18 U.S.C. § 3553(c). *1178 Accordingly, to this extent, I respectfully dissent.