> **UNPUBLISHED ORDER**
> Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued November 15, 2006
Decided November 22, 2006

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 06-1919

|  |  |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin |
| *v.* | No. 06-CR-006-S-01 |
| DE ANDRE MITCHELL, *Defendant-Appellant.* | John C. Shabaz, *Judge.* |

**O R D E R**

After prison officials found a homemade knife in De Andre Mitchell's cell, he pleaded guilty to being an inmate in possession of a weapon in violation of 18 U.S.C. § 1791(a)(2) and (d)(1)(B).  The district court denied Mitchell the two-point reduction for acceptance of responsibility under U.S.S.G. § 3E1.1 because he would not identify the inmate who supplied him with the knife, and sentenced him to 30 months.  Mitchell challenges the denial of the reduction, which increased the advisory guidelines range from 24- to 30-months to 30- to 37-months.  Because sentencing courts may deny acceptance points when defendants refuse to disclose information about the source of contraband, we affirm.

After receiving a tip from another inmate, prison officials found a ten-inch homemade knife in Mitchell's cell in November 2005.  When questioned by prison

officials, Mitchell admitted that the knife was his and said he made the weapon. According to the presentence investigation report ("PSR"), he "could not recall the name of the individual who supplied him with the metal he used to fashion the homemade knife." When the FBI subsequently questioned Mitchell, he again admitted that the knife was his, but this time he said that he "acquired the homemade weapon from another inmate around August 2005." Mitchell "would not identify the inmate" to the FBI.

In the government's words, "Mitchell did not dither" once he was charged. He pleaded guilty eight days after his arraignment, foregoing the benefit of a plea agreement. During the plea colloquy he admitted that he was an inmate, that the homemade knife belonged to him, and that it was a weapon. A presentence investigation report was prepared and the probation officer recommended a two-level reduction for acceptance of responsibility under § 3E1.1. This brought Mitchell's offense level down from 13 to 11, which, combined with a criminal history category of V, yielded an advisory guidelines range of 24 to 30 months. Neither party objected to the PSR.

At sentencing the court on its own announced that it saw no reason to apply the acceptance of responsibility reduction. While not as specific as it might have been, the court noted in its written statement of reasons that Mitchell "acquired a homemade weapon from another inmate but would not identify the inmate." Without the reduction, the court determined Mitchell's offense level was 13, which increased his advisory guidelines range from 24- to 30-months to 30- to 37-months. The court's sentence of 30 months fell within both of these ranges.

The crux of Mitchell's argument on appeal is that he "did all that is required of a defendant in order to receive a reduction for acceptance of responsibility" because he acknowledged guilt for the charged offense, did not refuse to answer any questions posed to him by the district court or probation office, and was under no obligation to "affirmatively volunteer information that nobody asked him about."

This court reviews an acceptance-of-responsibility determination for clear error. *See United States v. Gilbertson*, 435 F.3d 790, 798 (7th Cir. 2006); *United States v. Lister*, 432 F.3d 754, 759 (7th Cir. 2005). The defendant bears the burden of proving that he is entitled to the § 3E1.1 reduction, and pleading guilty does not in and of itself entitle a defendant to the acceptance-of-responsibility reduction. *See United States v. Leahy*, 464 F.3d 773, 790-01 (7th Cir. 2006). Moreover, "when defendants refuse to provide information about the source of the contraband they possess, they may be denied the sentence reduction for acceptance of responsibility." *United States v. Larkin*, 171 F.3d 556, 557-58 (7th Cir. 1999) (upholding denial of § 3E1.1 reduction where inmate refused to tell the probation office or the court where he got the marijuana underlying his inmate-in-possession-of-contraband

conviction); *see United States v. Hammick*, 36 F.3d 594, 601 (7th Cir. 1994) (upholding denial of acceptance-of-responsibility reduction where defendant convicted of fraud refused to reveal source of counterfeit credit cards); *In re Sealed Case*, 350 F.3d 113, 123 (D.C. Cir. 2003) (sentencing court may deny acceptance-of-responsibility reduction based on the defendant's refusal to reveal source of contraband possessed at the time of arrest).

Mitchell did not come clean about the source of the homemade knife—even when asked about it directly by the FBI—and therefore the district court did not clearly err in denying him the § 3E1.1 reduction. The PSR states that when questioned by the FBI, "he would not identify the inmate" who supplied him with the knife. Mitchell did not object to the PSR, so the district court could rely on the information contained within it in denying him the acceptance-of-responsibility points. *See* Fed. R. Crim. P. 32(i)(3)(A) (a district court at sentencing "may accept any undisputed portion of the presentence report as a finding of fact"); *United States v. Salinas,* 365 F.3d 582, 587 (7th Cir. 2004) (when court relies on PSR information at sentencing, "the defendant bears the burden of showing that the presentence report is inaccurate or unreliable").

Mitchell raises several other issues on appeal—that the district court failed to make certain findings of fact and should not have denied him acceptance points based on his pre-plea conduct. We have considered these arguments and find no merit to them. Accordingly, Mitchell's sentence is AFFIRMED.